[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 07, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15900
Non-Argument Calendar

_____

D. C. Docket No. 06-21820-CV-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

$114,031.00 in U.S. Currency,

Defendant,

JUAN ANGEL MESA,

Claimant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 7, 2008)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

After law enforcement agents seized $114,031.00 from Juan Angel Mesa's home, Mesa filed a complaint in federal court seeking the return of the currency under Fed. R. Crim. P. 41. The government then instituted an in rem civil forfeiture action against the currency, pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6), and Mesa responded by filing a claim to the currency. Having consolidated the two cases, the district court ultimately struck Mesa's claim for lack of standing and entered a default judgment awarding forfeiture to the government. On appeal, Mesa argues that he had standing under 18 U.S.C. § 983(a)(1)(F) because the government, after failing to provide timely written notice of the seizure, was not permitted to file a civil forfeiture action until it returned the currency to him. After thorough review, we affirm.

Standing "is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) (quotation omitted). In fact, we are obliged to consider standing sua sponte even if the parties have not raised the issue because an appellate court "must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review." Id. at 975 (quotation

omitted).  As with all jurisdictional issues, we review standing determinations <u>de novo</u>.  <u>Id.</u>

A claimant must satisfy both the requirements of Article III standing as well as statutory standing in order to contest a forfeiture action.  <u>United States v. $38,000.00 Dollars in U.S. Currency</u>, 816 F.2d 1538, 1543-44 (11th Cir. 1987).  In order to satisfy Article III standing in the forfeiture context, a claimant must demonstrate the existence of an injury by establishing either an ownership or lesser possessory interest in the property.  <u>Via Mat Int'l South America Ltd. v. United States</u>, 446 F.3d 1258, 1262-63 (11th Cir. 2006).   With respect to statutory standing, the Civil Forfeiture Asset Reform Act of 2000 ("CAFRA") provides:

> In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims . . . .

18 U.S.C. § 983(a)(4)(A).  Under the Supplemental Rules, the government may move to strike the claimant's claim based on a failure to comply with Supplemental Rule G(5) -- formerly Rule C(6) -- or for lack of standing.  Supp. Rule G(8)(c)(i).  Supplemental Rule G(5) provides that, in filing a claim to the government's forfeiture action, the claimant must, <u>inter alia</u>, "state [his] interest in the property."  Supp. Rule G(5)(a)(i)(B).  We have stated that compliance with this

3

latter requirement "is obligatory in order for a party to have standing to challenge an in rem claim." Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1233, 1237 (11th Cir. 2006). "The burden of establishing standing in forfeiture proceedings is on the claimant." United States v. Five Hundred Thousand Dollars, 730 F.2d 1437, 1439 (11th Cir. 1984).

In order to establish standing to challenge the government's judicial civil forfeiture action, Mesa relies on the following statutory provision governing non-judicial forfeiture proceedings:

> If the Government does not send notice of a seizure of property in accordance with subparagraph (A) to the person from whom the property was seized, and no extension of time is granted, the Government shall return the property to that person without prejudice to the right of the Government to commence a forfeiture proceeding at a later time. The Government shall not be required to return contraband or other property that the person from whom the property was seized may not legally possess.

18 U.S.C. § 983(a)(1)(F).

Mesa's argument is not supported by any controlling authority. CAFRA expressly provides that a claimant who wishes to file a claim contesting a government's judicial civil forfeiture action must comply with the requirements of the Supplemental Rules. 18 U.S.C. § 983(a)(4)(A). Furthermore, this Court has stated that compliance with this statutory requirement is "obligatory." Dresdner Bank, 463 F.3d at 1237. Mesa's reliance on § 983(a)(1)(F) to establish standing

4

and skirt this requirement is undermined by the fact that this provision governs non-judicial forfeiture proceedings. Thus, § 983(a)(1)(F) is not applicable once the government institutes a judicial civil forfeiture action, which is governed by the Supplemental Rules, a different set of statutory provisions.[1]

Because Mesa failed to argue that his claim complied with the requirements of the Supplemental Rules, he has not met his burden to show statutory standing. We therefore do not address the parties' additional arguments. Accordingly, we affirm.

**AFFIRMED.**

---

[1] This Court's decision in <u>Via Mat</u> -- excepting a claimant from complying with the Supplemental Rules because the government failed to bring its judicial civil forfeiture action within 90 days after the claimant filed his claim -- is distinguishable because § 983(a)(3) expressly requires the government to bring its judicial civil forfeiture action within 90 days after a claim has been filed. 18 U.S.C. § 983(a)(3)(A). In this case, § 983(a)(1)(F) does not expressly impose any pre-condition on the government's ability to bring a civil forfeiture action. Likewise, this Court's unpublished opinion in <u>De Saro v. United States</u>, 173 Fed.Appx. 760 (11th Cir. 2006) (unpublished), is also distinguishable. Although this Court reversed, in part, under § 983(a)(1)(F) because the government failed to comply with the 60-day written notice requirement, that appeal addressed only the plaintiff's Rule 41 complaint, rather than a judicial civil forfeiture action brought by the government, as we have here. <u>Id.</u> at 761-64. Moreover, the <u>De Saro</u> Court implicitly noted that its ruling requiring the property to be returned did not prevent the government from proceeding with its recently filed judicial civil forfeiture action, despite the fact that this action had been instituted before the government returned the property in accordance with the Court's ruling. <u>Id.</u> at 765-66.